UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael M.,                                          Civ. No. 23-405 (PAM/ECW)

                    Plaintiff,

v.                                          **MEMORANDUM AND ORDER**

Kilolo Kijakazi, Acting Commissioner
of the Social Security Administration,

                    Defendant.

_____

This matter is before Court on the parties' cross-Motions for Summary Judgment on the administrative record. For the following reasons, Defendant's Motion is granted, and Plaintiff's Motion is denied.

**BACKGROUND**

Plaintiff Michael M.[1] filed an application for disability insurance benefits in October 2020, alleging that he had been disabled due to post-traumatic stress disorder, anxiety, depression, paranoia and delusional thinking, and hallucinations. (Admin. R. (Docket No. 22) at 213.) Initially, Plaintiff claimed that he became disabled on January 1, 2020, but he later amended his onset date to March 12, 2021. (Id. at 55-56, 193, 208.)

An individual is considered disabled for purposes of Social Security Disability Insurance benefits if he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to

_____

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."   42 U.S.C. § 1382c(a)(3)(A).   In addition, an individual is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 1382c(a)(3)(B).  "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled.  20 C.F.R. § 416.920(a)(4).  At step one, the claimant must establish that he is not engaged in any "substantial gainful activity." Id. § 416.920(a)(4)(i).  If he is not, the claimant must then establish that he has a severe medically determinable impairment or combination of impairments at step two.  Id. § 416.920(a)(4)(ii).  At step three the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1.  Id. § 416.920(a)(4)(iii).  If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four.  The claimant then bears the burden of establishing his residual functional capacity ("RFC") and proving that he cannot perform any past relevant work.  Id. § 416.920(a)(4)(iv); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000).  If the claimant proves he is unable to perform any past relevant

work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). If the claimant can perform such work, the Commissioner will find that the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

After a hearing, the Administrative Law Judge ("ALJ") determined that Plaintiff had the severe impairments of post-traumatic stress disorder, depression, anxiety, and substance abuse. (Admin. R. at 12.) The ALJ then determined that Plaintiff's impairments did not meet or medically equal the requirements of listed impairments. (Id. at 13.) The ALJ found that Plaintiff had the capacity for "work at all exertional levels" with some "nonexertional limitations" regarding the work environment and Plaintiff's ability to interact with others. (Id. at 14.) The ALJ found that Plaintiff's RFC allowed him to perform work that exists in significant numbers in the national economy. (Id. at 20-21.) Thus, the ALJ determined that Plaintiff was not disabled. (Id. at 21.)

Plaintiff brought this lawsuit under 42 U.S.C. § 405(g), after the Appeals Council affirmed the ALJ's determination that he was not disabled. Plaintiff contends that the ALJ's decision is not supported by substantial evidence in the record.

**DISCUSSION**

The Court's review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence . . . is more than a mere scintilla." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (quotation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." Id. (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). If substantial evidence in the record supports the Commissioner's decision, the Court "may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome . . . or because [the Court] would have decided the case differently." McKinney, 228 F.3d at 863.

Plaintiff principally argues that the ALJ failed to sufficiently determine his lack of ability to relate to his coworkers. (Pl.'s Br. (Docket No. 13) at 9-18.) The ALJ found partially persuasive Drs. Marci Mylan and Vivian Pearlman's prior administrative medical findings that limited Plaintiff's interactions with coworkers and the public to brief and superficial interactions. (Admin. R. at 19.) Specifically, Drs. Mylan and Pearlman found that Plaintiff could "handle brief and superficial contact" with coworkers and the public. (Id. at 13.) However, the ALJ concluded that Plaintiff was capable of "occasional incidental" interactions with the public but that he "cannot perform teamwork or work in tandem with others." (Id. at 14, 86, 100.) Plaintiff argues that because the ALJ did not explicitly reject the doctors' determinations, the ALJ should have adopted their findings in the RFC. (Pl.'s Br. at 3, 14-15.)

An ALJ does not need to explain every reason for adopting or rejecting a finding or incorporate an entire medical-source opinion into the RFC. See 20 C.F.R. § 416.920c(b)(2). Rather, the ALJ must synthesize "all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [his] limitations" to establish the claimant's maximum capability for work. Schmitt v. Kijakazi, 27 F.4th 1353, 1360 (8th Cir. 2022) (quoting Hensley v. Colvin,

4

829 F.3d 926, 931-32 (8th Cir. 2016)); see 20 C.F.R. § 404.1545(a)(1).  Here, the record demonstrates that Plaintiff could follow written and spoken instructions, adapt to stress and changes in routine, frequently socialize, shop, and get along with others.  (Admin R. at 13-14, 16, 231-34.)  Plaintiff impliedly argues that because the ALJ did not discuss some of the evidence in the record, the ALJ must not have considered such evidence in the first instance.  But an ALJ is not required to discuss all evidence.  Indeed, "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered."  Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998).  Moreover, Plaintiff fails to articulate any meaningful distinction between a "brief and superficial" interaction and an "occasional incidental" one.  (Pl.'s Br. at 14.)

Finally, Plaintiff argues that Dr. Van Noord concluded that Plaintiff would be unable to maintain employment, as contemplated in the RFC.  (Id. at 16-18.)  Plaintiff is mistaken.  While Dr. Van Noord hypothesized that Plaintiff's challenges with social interaction could pose a difficulty for his long-term employment, he did not conclude that Plaintiff is unable to work within the limitations included in the RFC.  (Admin R. at 343.)  Even so, Plaintiff does not reference any authority to support his argument that the ALJ erred because she did not base her RFC on hypothetical circumstances posed to consultative examiner.  Plaintiff fails to demonstrate that the ALJ's findings were not supported by substantial evidence.

**CONCLUSION**

Substantial evidence in the record supports the Commissioner's decision to deny benefits here.  Accordingly, **IT IS HEREBY ORDERED that**:

1.     Plaintiff's Motion for Summary Judgment (Docket No. 13) is **DENIED**; and

2.     Defendant's Motion for Summary Judgment (Docket No. 15) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>September 27, 2023</u>                    <u>*s/ Paul A. Magnuson*</u>
                                                    The Hon. Paul A. Magnuson
                                                    United States District Court Judge